MANVILLE *v.* BATTLE MOUNTAIN SMELTING CO.

(*Circuit Court, D. Colorado.* June 27, 1883.)

1. PRACTICE—FORM OF PROCESS—CONSTITUTIONAL PROVISION NOT FOLLOWED BY STATUTE.

The legislature of a state may prescribe the form of process, but in so doing the provisions of the constitution must be observed; and where the constitution provides that every summons shall run in the name of the people, a summons in the form given in the statute, but not in the name of the people, is deficient.

2. SAME—SUMMONS RETURNABLE—GARNISHMENT.

A garnishee in Colorado is entitled to 10 days in which to appear and answer, "as in other summons in courts of record;" and when the summons is made returnable *within* 10 days from the date of service, it is a fatal defect

At Law.

*Mr. Campbell,* for plaintiff.

*Henry T. Rogers,* for garnishee.

HALLETT, J., (*orally.*) Manville recovered a judgment against the Battle Mountain Company in the district court of Lake county, and took out execution, and procured the Belden Mining Company to be

summoned as garnishee. That company entered a motion to quash the summons and the return of the sheriff thereon, and removed the cause into this court. The motion has been presented here.

Objection is made that the summons does not run in the name of the people, as required by the constitution of the state, article 6, § 30. And the objection seems to be well taken. Unquestionably the legislature may prescribe the form of process, but in doing so the provisions of the constitution must be observed. This process appears to be in the form given in the statute, (2 Sess. 1879,) but it is deficient in that it does not run in the name of the people, as required by the constitution. That it is not in the form of other process used in law actions is not important, and the circumstance that it was issued by the sheriff, rather than the clerk, is not important. In these particulars the authority of the legislature cannot be denied; but the constitution cannot be disregarded.

The statute also provides that in courts of record "the summons shall be made returnable, and be served the same as other summonses in courts of record;" and this seems to require that the time for answering shall be the same as in actions at law. In this instance the summons was made returnable within 10 days from the date of service. This is a fatal defect. The garnishee was entitled to 10 days in which to appear and answer, and if service was not made in the county where the judgment remained, then to a longer time.

The motion will be allowed, and the cause dismissed.